STATE v. ARCHBELL.

(Filed September 12, 1905).

*Argument of Solicitor — Objections — Deadly Weapons — Questions for Jury—Assaults—Evidence.*

1. The fact that no objection was made at the time and the court below was not asked to interfere and correct the effect of the denunciation of the solicitor in his argument to the jury, precludes this court from considering it.

2. Some weapons are *per se* deadly and others, owing to the violence and manner of use, become deadly.

3. Where the deadly character of the weapon is to be determined by the relative size and condition of the parties and the manner in which it is used, it is proper and necessary to submit the matter to the jury with proper instructions.

4. A deadly weapon is not one that must or may kill. It is an instrument which is likely to produce death or great bodily harm under the circumstances of its use.

5. An assault committed by the defendant, a very strong, large and robust man, upon his wife, a very frail and weak woman, who was sick at the time, with a buggy trace two and a half feet long, is calculated to produce serious injury and possibly death.

INDICTMENT against W. J. Archbell, heard by *Judge Geo. W. Ward* and a jury, at the May Term, 1905, of the Superior Court of BEAUFORT County, for an assault upon Jessie Archbell, his wife, with a deadly weapon. From the judgment and sentence of the court, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*E. S. Simmons* for the defendant.

BROWN, J. The testimony relied upon by the State tended to prove that the defendant assaulted his wife by severely

beating her with a large leather strap, being part of a buggy trace, about two and a half feet long. There was also testimony tending to prove that at the time the wife was very sick. These charges were all denied by the defendant on the stand, and he offered other evidence tending to discredit them.

In the very able brief of Mr. Simmons, counsel for defendant, it is contended with much feeling and eloquence that the defendant was greatly prejudiced by the alleged vehement denunciation of the solicitor in the argument to the jury, and the able counsel presents authority to sustain his position. It is admitted in the brief that no objection was made at the time and that the court was not asked to interfere and correct the effect of the solicitor's denunciation. No such exception appears in the record. This necessarily precludes us from considering it. The matter should have been called to the attention of the court at the time in order that the judge might have an opportunity to correct the solicitor, in case he should think the language was not warranted by the testimony. *State v. Suggs,* 89 N. C., 530; *State v. Lewis,* 93 N. C., 582.

The court submitted to the jury, with appropriate instruction, the question whether the instrument used was a deadly weapon, to which the defendant excepted. The court also properly instructed the jury to render a verdict of simple assault, or assault as charged, with a deadly weapon, or not guilty, as they should find the facts after fully satisfying themselves as to the truth of the matter.

We find no error in the instructions given by His Honor below. The charge is full and clear and supported by authority. Some weapons are *per se* deadly and others, owing to the violence and manner of use, become deadly. In the latter class of cases, where the deadly character of the weapon is to be determined by the relative size and condition of the parties and the manner in which it is used, it is proper and

necessary to submit the matter to the jury with proper instructions. *State v. Huntley,* 91 N. C., 621. The uncontradicted testimony shows that the defendant is "a very strong, large and robust man," and that the wife is a "very frail and weak woman." There is also evidence that at the time of the assault she was sick. Under such circumstances, for the husband to violently assault his weak, frail and sick wife with part of a buggy trace two and a half feet long, is not only brutal, but calculated to produce serious injury, and possibly death.

If His Honor erred in submitting the question of the deadly character of the weapon under the circumstances to the jury, we have no hesitation in holding that they solved it correctly upon the theory that the State had proved its contentions to their full satisfaction. *State v. Craton,* 28 N. C., 181. A deadly weapon is not one that must or may kill. It is an instrument which is likely to produce death or great bodily harm under the circumstances of its use. The deadly character of the weapon depends sometimes more upon the manner of its use and the condition of the person assaulted than upon the intrinsic character of the weapon itself. *State v. Sinclair,* 120 N. C., 603; *State v. Norwood,* 115 N. C., 789. An instrument which might be harmless when used upon a strong man, may become deadly when used upon a very frail and delicate woman. We have considered every exception taken by the defendant and examined every authority referred to in the carefully prepared brief furnished us by his counsel. We are unable to find any error.

No Error.