STATE OF NORTH CAROLINA v. JAMES J. JACOBS

No. 825SC910

(Filed 5 April 1983)

1. **Assault and Battery §§ 11.2, 14.3— felonious assault—fists as deadly weapon—sufficiency of indictment**

   In a prosecution for assault with a deadly weapon with intent to kill inflicting serious bodily injury, defendant's fists could have been a deadly weapon given the manner in which they were used and the relative size and condition of the parties where the 39-year-old male defendant who weighed 210 pounds hit the 60-year-old female victim in the head and stomach, and brain hemorrhages and other injuries resulted from the beating, causing the victim to be unable to care for herself. Moreover, the indictment was sufficient where it specifically stated that defendant used his fists as a deadly weapon and gave facts demonstrating their deadly character.

2. **Criminal Law § 115— lesser included offense—instructions—consideration only after finding defendant not guilty of greater offense**

   The trial court did not err in instructing the jury to consider the lesser included offenses only after acquitting defendant of the greater charge of assault with a deadly weapon inflicting serious injury.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 4 September 1980, in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 8 March 1983.

The defendant was charged in a proper bill of indictment with assaulting Julia K. James with a deadly weapon (his fists) with intent to kill and inflicting serious bodily injury.

The defendant pleaded not guilty, and was found guilty of assault with a deadly weapon inflicting serious bodily injury.

From a judgment imposing a prison sentence of not less than seven nor more than ten years, defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney Floyd M. Lewis for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm R. Hunter, Jr., for the defendant, appellant.*

HEDRICK, Judge.

[1] Defendant first contends that judgment should be arrested because an assault with his fists does not satisfy the "deadly weapon" element of the indictment. A deadly weapon is "any article, instrument or substance which is likely to produce death or great bodily harm." *State v. Sturdivant,* 304 N.C. 293, 301, 283 S.E. 2d 719, 725 (1981) (citations omitted). The defendant, a thirty-nine year old male who weighed two hundred ten pounds, hit the victim, a sixty year old woman, in the head and stomach. Brain hemorrhages and other injuries resulted from the beating, causing the victim to be unable to care for herself. The defendant's fists could have been a deadly weapon given the manner in which they were used and the relative size and condition of the parties. *See State v. Joyner,* 295 N.C. 55, 243 S.E. 2d 367 (1978); *State v. Archbell,* 139 N.C. 537, 51 S.E. 801 (1905).

Since defendant's fists could have been a deadly weapon in the circumstances of this assault, the indictment was sufficient. The indictment specifically stated that defendant used his fists as a deadly weapon and gave facts demonstrating their deadly character. The Supreme Court of North Carolina in *State v. Palmer,* 293 N.C. 633, 639-640, 239 S.E. 2d 406, 411 (1977) has noted that,

> it is sufficient for indictments or warrants seeking to charge a crime in which one of the elements is the use of a deadly weapon (1) to name the weapon and (2) either to state expressly that the weapon used was a 'deadly weapon' or to allege such facts as would *necessarily* demonstrate the deadly character of the weapon. (Emphasis in original.)

[2] Next, defendant contends that the trial court erred in instructing the jury to consider lesser included offenses after acquitting defendant of assault with a deadly weapon, inflicting serious injury. The jury instruction was not ideal, but it could not have coerced the jury into returning a verdict of guilty on the greater offense. A judge may direct the jury to decide upon lesser included offenses only after finding defendant not guilty on the charged offense. *State v. Wilkins*, 34 N.C. App. 392, 399-400, 238 S.E. 2d 659, 664-665 (1977).

The defendant had a fair trial free from prejudicial error.

No error.

Judges WHICHARD and BRASWELL concur.