STATE OF NORTH CAROLINA v. ROGER DALE PHILLIPS AND DANIEL HOOPER JOHNSON

No. 8730SC263

(Filed 6 October 1987)

1. **Assault and Battery § 14.3; Robbery § 4.3— deadly weapon—sufficiency of evidence**

     The evidence was sufficient for the jury to infer that the victim was struck with a deadly weapon so as to support defendants' conviction of assault with a deadly weapon with intent to kill and armed robbery where the victim testified that one defendant hit the victim on the head and shoulders with some object; the victim's neighbor testified that the victim was bleeding profusely and had a "board print" on the side of his face; and the victim was taken to a hospital where he was diagnosed as having a broken cheekbone and was treated for bruises and lacerations.

2. **Criminal Law § 101.4— incidents involving jury—absence of prejudice**

     Defendants were not entitled to a new trial because the victim's wife was in the jury room before the opening of court one day, the sheriff took coffee cups to the jury in the jury room, the sheriff talked to one juror in the hall outside the courtroom, and three jurors were outside the jury room during some of the deliberations where the trial judge investigated these incidents and determined that defendants were not prejudiced by them.

3. **Criminal Law § 66.4— lineup procedure not suggestive**

     The evidence supported the trial court's determination that an assault and robbery victim's lineup identification of one defendant was not inherently incredible and that the lineup procedure was not impermissibly suggestive.

4. **Criminal Law § 113.7— charge on acting in concert**

     The trial court in an assault and armed robbery case did not err in instructing the jury on acting in concert where there was evidence tending to show that the two defendants were together talking with a third person before the crimes and were together in the same car after the crimes when one of them gave the third person $1,000 of the money taken in the robbery.

5. **Criminal Law § 102.6— jury argument unsupported by evidence—absence of prejudice**

     The trial court did not err in finding that defendants were not prejudiced by unsupported statements in the prosecutor's jury argument that he and the jury had heard defense witnesses in the audience and that a photograph contradicted the testimony of a defense witness.

APPEAL by defendants from *Allen, Judge.* Judgments entered 24 October 1986 in Superior Court, CLAY County. Heard in the Court of Appeals 23 September 1987.

This is a criminal action in which defendants were charged in proper bills of indictment with assaulting Robert Hogsed with a deadly weapon with intent to kill in violation of G.S. 14-32(a) and with robbing Robert Hogsed with a dangerous weapon in violation of G.S. 14-87.

The State's evidence tends to show: On 11 August 1985, the victim, who was remodeling his house, went with one Frankie Carpenter to see defendants and to hire them to put siding on his house. Defendants went with the victim and Carpenter to the victim's house and received a down payment of $600 for the work they were to do. Defendants saw that the victim had a large amount of cash.

The victim, who had been drinking, then drove Carpenter back to Carpenter's house. While the victim and Carpenter were standing outside, a maroon Chevrolet arrived. Defendants were inside the car, which belonged to defendant Phillips' wife. Carpenter spoke to defendants for 10 or 15 minutes, and Johnson asked Carpenter when the victim was going home.

After the victim and Carpenter returned to the victim's house, Carpenter got into his truck and left. The victim then entered his unlocked house. After he turned on the light, he saw defendant Phillips come from the bedroom. Defendant Phillips hit the victim on the head and shoulders with some object. The victim fell unconscious. After regaining consciousness, he drove to his neighbors' house. The victim was bleeding profusely and had a "board print" on his face. He was taken to the hospital where he stayed for two days. He had a broken cheekbone, several large bruises and lacerations on his face and head.

Ten or 15 minutes after the attack, defendants arrived at Carpenter's house in the maroon Chevrolet. One defendant handed Carpenter $1,000 and defendants left in the automobile.

Sheriff Tony Woody and SBI Agent Jim Shook began an investigation. When they arrived at the victim's house on 12 August 1985, they found Carpenter and some other men, including defendant Johnson, working on the house. They found dried blood on the floor, but they could find no object which appeared to be the weapon used.

On 13 August 1985 the victim viewed a lineup at the sheriff's office composed of bearded white men in their twenties or thirties, all about six feet tall and in work clothes. The victim, who was not wearing his glasses and had a swollen eye, picked out defendant Johnson and said he was not the man who hit him because he was working on his house. He then picked defendant Phillips as the man who hit him.

Defendants denied involvement in the attack and offered evidence that tends to show they were at their homes at the time of the offense. They also presented evidence that Carpenter had admitted he hit the victim. Carpenter, who testified for the State, had already pled guilty to being an accessory after the fact in common law robbery of the victim.

Defendants were convicted as charged. Defendants' motion to set aside the verdict was denied. Each was sentenced to 14 years imprisonment. Defendants appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Newton G. Pritchett, Jr., for the State.*

*Herbert L. Hyde and G. Edison Hill for defendants, appellants.*

HEDRICK, Chief Judge.

[1] Defendants first contend the trial court erred in "failing to direct verdicts of 'not guilty' and in refusing to set aside the verdicts on the grounds the evidence was insufficient to sustain verdicts of guilty." This assignment of error purports to be based on exceptions to the denial of defendants' motions for a "mistrial" and to "set aside the verdicts." These exceptions do not support the assignment of error. Indeed, defendants do not argue that the court erred in not directing a verdict of not guilty or that the court erred in not setting aside the verdicts or ordering a mistrial. Defendants simply argue that the evidence, when considered in the light most favorable to the State, is not sufficient to show victim was assaulted with a "deadly weapon." Defendants' contentions in this regard are without merit.

A deadly weapon is any article, instrument or substance which is likely to produce death or great bodily harm. *State v. Wiggins*, 78 N.C. App. 405, 337 S.E. 2d 198 (1985). Whether a

weapon is deadly can be inferred from the wound of the victim. *State v. Rowland*, 263 N.C. 353, 139 S.E. 2d 661 (1965).

The victim testified that defendant Phillips "come out of my bedroom door right here with something in his hand." He further testified that "he hit me." The victim's neighbor, Tim Reynolds, testified that the victim had what "looked like a board print on the side of his face," and that "he was bloody and his eyes was bleeding. . . ." The victim went to the hospital where he was diagnosed as having a broken cheekbone and where he was treated for bruises and lacerations. This evidence is clearly sufficient to raise an inference that defendant Phillips struck the victim with a weapon which could produce great bodily harm.

[2] Defendants next contend the court erred by failing to set aside the verdicts and grant a new trial because of the actions of witnesses, interested parties and jurors. Irregularities contended by defendants include: 1) the victim's wife was in the jury room before the opening of court on one day, 2) the Sheriff took coffee cups to the jury in the jury room, 3) the Sheriff talked to one of the jurors in the hall outside the courtroom, and 4) three jurors were outside the jury room during some of the deliberations.

Upon investigating these instances, the trial judge found that the conduct may have been improper, but concluded "there was nothing of any prejudicial nature which occurred during the course of the trial with regard to these proceedings." The trial judge is given large discretionary power as to control of the trial. *State v. Young*, 312 N.C. 669, 325 S.E. 2d 181 (1985). This includes investigation of improprieties concerning the jury. *State v. Selph*, 33 N.C. App. 157, 234 S.E. 2d 453 (1977). Unless the rulings of the court are clearly erroneous or amount to manifest abuse of discretion, they will not be disturbed. *State v. Johnson*, 295 N.C. 227, 244 S.E. 2d 391 (1978). This assignment of error has no merit.

[3] Defendants' next assignment of error is set out in the record as follows: "The court erred in allowing in evidence the testimony of Robert Hogsed's picking out defendant Roger Dale Phillips, from a lineup, as the person who hit him in his home on the night of 11 August 1985, on the grounds that such testimony was inherently incredible and violated the due process rights of defendants." This assignment purports to be an exception to the trial judge's ruling after voir dire: "Based upon these foregoing finding

of facts the Court concludes that the identification of the accused by the witness is not inherently incredible, and that the pre-trial identification procedure involving the defendant was not so impermissively suggestive as to violate the defendant's right to due process of law and Orders that the objection is overruled." Defendants cite no authority in support of their argument. Defendants do not make it clear in their brief whether they are objecting to "in court" or "out of court" identification by victim of defendant Phillips. In any event, we have reviewed the findings of fact upon which the trial judge entered his order overruling the objection and find that the order is supported by the evidence and facts found. This assignment borders on the frivolous.

Defendants next argue based on Assignment of Error No. 6 that the court erred in instructing the jury it could find defendant Johnson guilty of assault with a deadly weapon. This assignment of error is not supported by an exception duly noted in the record. These contentions are based on Argument I. Argument I has no relation to this assignment of error.

[4] Defendants next assign error to the trial court's instruction that the jury could find defendants guilty if they acted in concert. Defendants cite no authority, but argue that there was no evidence that defendants acted together. The record indicates that evidence tends to show Phillips and Johnson were together talking to Frankie Carpenter before the crime and together in the same car after the crime when one of them gave Carpenter $1,000. To support an instruction of acting in concert, it is only necessary for the State to present sufficient evidence that the defendant was present at the scene of the crime and that he acted together with another who did the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime. *State v. Robinson*, 83 N.C. App. 146, 349 S.E. 2d 317 (1986). We hold that the evidence is sufficient to find defendants acted in concert, and the court properly instructed the jury.

[5] Finally, defendants contend the court erred in overruling objections to the prosecutor's closing argument. In his closing argument, the prosecutor stated the jury had heard defense witnesses in the audience and then he said, "I have." The prosecutor also referred to a photograph which he said showed the porch of the victim was painted when a defense witness testified she was

there, contradicting her testimony. Defendants claim both statements were prejudicial, and there was no evidence to support the prosecutor's statement about the picture. Defendants cite no cases in support of their argument.

Argument of counsel is left largely to the control and discretion of the presiding judge. *State v. Monk*, 286 N.C. 509, 212 S.E. 2d 125 (1975). In this case, the trial judge found no prejudice due to the statements, and defendants have failed to show any prejudice due to the court's finding. This assignment of error has no merit.

We hold defendants had a fair trial, free from prejudicial error.

No error.

Judges ARNOLD and ORR concur.