STATE OF NORTH CAROLINA v. VICTOR CARSON HUNT

No. COA01-1502

(Filed 1 October 2002)

**1. Assault— deadly weapons—hands and feet—sufficiency of evidence**

The jury in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury was properly allowed to determine whether defendant's hands and feet constituted deadly

weapons, given the severity of the victim's injuries, the size differential, and the fact that the victim was pregnant at the time of the assault.

## 2. Assault— intent to kill—sufficiency of evidence

There was sufficient evidence in an assault prosecution that defendant intended to kill the victim where defendant severely beat the victim, refused to allow her to seek help, cut the telephone lines, and told the victim that she wasn't calling for help, wasn't going to the doctor, and could lie there and die. This evidence, combined with the evidence of the attack, the resulting injuries, and defendant's actions throughout, was enough to support an inference that defendant intended to kill.

Appeal by defendant from judgment entered 15 May 2001 by Judge Robert F. Floyd, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 30 September 2002.

*Attorney General Roy Cooper, by William M. Polk, Director, Victims and Citizens Services, for the State.*

*Carlton M. Mansfield for defendant-appellant.*

THOMAS, Judge.

Defendant, Victor Carson Hunt, appeals a conviction of assault with a deadly weapon with intent to kill inflicting serious injury. For reasons discussed herein, we find no error.

The pertinent facts are as follows: Defendant and his girlfriend, Kelli Bullard, lived together in Pembroke, North Carolina. On 1 September 1999, sometime around midnight, defendant returned home. Intoxicated and hungry, he demanded that Bullard "cook me a damn steak." Bullard refused. Defendant hit her right eye, knocking Bullard into the refrigerator. Her head slammed into the handle of the freezer section and she was knocked unconscious. When Bullard regained consciousness, defendant had her by the hair and was dragging her down the hall. Defendant hit and kicked Bullard and stepped on her neck. He then took Bullard to the bedroom, tore off her clothes, and had sex with her. After the attack, defendant cut the phone lines and refused to let Bullard seek help.

At trial, defendant was convicted of assault with a deadly weapon with intent to kill inflicting serious injury and sentenced to a term of seventy-three to ninety-seven months imprisonment. He appeals.

Defendant's sole assignment of error is his contention that there was insufficient evidence to support the conviction.

To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. *State v. Cross*, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). " 'Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.' " *Id.* at 717, 483 S.E.2d at 434 (quoting *State v. Olson*, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)). The essential elements of an assault with a deadly weapon with intent to kill inflicting serious injury are: "(1) an assault, (2) with a deadly weapon, (3) with intent to kill, (4) inflicting serious injury, (5) not resulting in death." *State v. Wampler*, 145 N.C. App. 127, 132, 549 S.E.2d 563, 567 (2001) (citing N.C. Gen. Stat. § 14-32(a)).

[1] Defendant first argues that his hands and feet should not have been considered deadly weapons when taking into account the relative size and condition of the parties. *See State v. Grumbles*, 104 N.C. App. 766, 771, 411 S.E.2d 407, 410 (1991). Defendant notes that he weighs 230 pounds while Bullard's normal weight is 190 pounds. He also claims he was highly intoxicated while Bullard was sober.

This Court has stated that "hands [and feet] may be considered deadly weapons, given the manner in which they were used and the relative size and condition of the parties involved." *Grumbles*, 104 N.C. App. at 771, 411 S.E.2d at 410 (citing *State v. Jacobs*, 61 N.C. App. 610, 301 S.E.2d 429 (1983)). In the instant case, the State presented evidence that defendant beat Bullard with his hands and feet so severely that she had to be flown from Southeastern Hospital in Lumberton to Duke University Medical Center in Durham because Southeastern did not have the facilities to treat her substantial injuries. Bullard was admitted to the intensive care unit at Duke and placed on a ventilator. Her injuries included fractures of the left orbit, or eye socket, and the left maxillary. Bullard also had swelling and contusions about her face, neck and upper chest. Additionally, the evidence reflected that defendant outweighed her by forty pounds and Bullard was nineteen weeks pregnant at the time of the assault.

Whether defendant used his hands and feet in a manner "likely to produce fatal results due to [their] use" is a question of fact to be determined by the jury. *State v. Lotharp*, 148 N.C. App. 435, 443, 559 S.E.2d 807, 812 (2002) (citing *State v. Joyner*, 295 N.C. 55, 64-65, 243

S.E.2d 367, 373 (1978)). Given the severity of Bullard's injuries, the size differential, and the fact she was pregnant at the time of the assault, the trial court was correct in denying the defendant's motion to dismiss. The jury was properly allowed to determine the question of whether defendant's hands and feet constituted deadly weapons under the circumstances here.

[2] Second, defendant contends the State failed to prove that he had the specific intent to kill. Defendant says the clearest evidence of lack of intent to kill is that he did not kill her. Additionally, he claims the fact he stopped beating Bullard after taking her to the bedroom is further proof he was not trying to kill her. Furthermore, while there may have been evidence that he did not care whether Bullard died, defendant contends this is not evidence of an intent to kill and there is no credible evidence beyond speculation that he had the intent to kill Bullard.

This Court has stated:

"Proof of an assault with a deadly weapon inflicting serious injury not resulting in death does not, as a matter of law, establish a presumption of intent to kill. Such intent must be found by the jury as a fact from the evidence." However, "[a]n intent to kill may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances."

Wampler, 145 N.C. App. at 130, 549 S.E.2d at 566 (citations omitted). Here, defendant severely beat Bullard and refused to allow her to seek help. Defendant cut the phone lines in their home and told Bullard she "weren't calling nobody for help and won't [be] going to no doctor," and "You can lay there and die first." This evidence, when considered with the evidence of the attack, the resulting injuries and defendant's actions throughout, is sufficient to support an inference that defendant intended to kill her. Accordingly, we find no error.

NO ERROR.

Judges WALKER and BIGGS concur.