STATE OF NORTH CAROLINA v. GEORGE WESLEY LAWSON

No. COA04-564

(Filed 20 September 2005)

## 1. Evidence— hearsay—identification of defendant based on statement of another witness—harmless error beyond a reasonable doubt

The trial court committed harmless error beyond a reasonable doubt in an assault with a deadly weapon inflicting serious injury case by admitting the victim's inadmissible hearsay statement identifying defendant as the perpetrator based on the statement of another witness, because: (1) a witness who was present during the incident identified defendant as the person who injured the victim and described the events that took place during the incident; (2) defendant contacted an officer and admitted to injuring the victim; and (3) another officer who responded to the emergency 911 call made that night explained the declarant witness's unavailable status.

## 2. Constitutional Law— right to confrontation—nontestimonial evidence—adequate indicia of reliability

Defendant's Sixth Amendment right to confrontation was not violated in an assault with a deadly weapon inflicting serious injury case even though defendant contends the statements made by his former girlfriend to the victim were testimonial in nature according to *Crawford v. Washington*, 541 U.S. 36 (2004), because: (1) the statements were nontestimonial and made while the victim was being transported to a hospital for injuries caused by defendant; (2) the statements were not made during any police investigation, rather they were made during a private conversation between the girlfriend and the victim and outside the presence of any police officer; (3) these statements were made merely to inform the victim of the attacker's identity since the girlfriend knew and the victim did not; and (4) it was unlikely that when the girlfriend made these statements she was thinking in terms of anything outside the scope of her private conversation, and she was not thinking about testifying as to this matter before the court.

STATE v. LAWSON

[173 N.C. App. 270 (2005)]

**3. Constitutional Law— right to confrontation—harmless error—sufficient indicia of reliability**

Although defendant's constitutional right to confrontation was violated in an assault with a deadly weapon inflicting serious injury case through the admission of his girlfriend's prior state-'ment to the victim when the State did not provide sufficient written notice in advance stating its intent to offer the girlfriend's statement as to defendant's identity through the victim's testimony, there was sufficient undisputable evidence of defendant's guilt without the victim's statement identifying defendant as the perpetrator to render the constitutional error harmless beyond a reasonable doubt.

**4. Assault— deadly weapon inflicting serious injury—motion to dismiss—sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss the charge of assault with a deadly weapon inflicting serious injury based on insufficient evidence to support the deadly weapon element, and the case is remanded for entry of judgment on the lesser-included offense of assault inflicting serious injury, because: (1) there was insufficient evidence to determine defendant's size and strength compared to that of the victim; (2) when instruments fall within the purview of those "other weapons that may become deadly" such as defendant's hands, there must be sufficient evidence at trial regarding the size and condition of defendant versus the victim as well as sufficient evidence pertaining to the manner of the weapon's use; and (3) although the jury had an opportunity to observe both defendant and the victim at trial, mere observation by the jury of the victim and defendant's strength and size alone is insufficient to support the deadly weapon element.

**5. Sentencing— aggravating factors—*Blakely* error**

The trial court erred in an assault with a deadly weapon inflicting serious injury case by sentencing defendant in the aggravated range based upon findings of aggravating factors that were not submitted to and found by the jury beyond a reasonable doubt, and defendant's case is remanded for resentencing.

Judge CALABRIA concurring in part and dissenting in part.

Appeal by defendant from judgment entered 6 November 2003 by Judge Paul L. Jones in Lenoir County Superior Court. Heard in the Court of Appeals 16 February 2005.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Kimberly D. Potter, for the State.*

*Lynne Rupp, for defendant-appellant.*

JACKSON, Judge.

On 5 November 2003, George Wesley Lawson ("defendant") was tried on an indictment charging him with first degree burglary and the assault of Kevin Taborn ("Taborn") with a deadly weapon inflicting serious bodily injury. At the close of the State's evidence, the court granted defendant's motion to dismiss the first degree burglary charge. On 7 November 2003, a jury convicted defendant of assault with a deadly weapon inflicting serious injury. The court sentenced defendant as a level three offender to forty two (42) to sixty (60) months in the North Carolina Department of Correction. The court found as aggravating factors that defendant committed the crime while the victim was asleep, and by breaking and entering into the residence of Sherell Stanley, his former girlfriend, at 3:00 a.m. with the intent to assault both her and the victim. The court found no mitigating factors.

On 18 May 2001, Taborn visited Sherell Stanley and her children at her residence. They watched movies and then went to bed. At approximately 3:38 a.m., Officer Patricia Smith ("Officer Smith") responded to a domestic disturbance call made by Sherell Stanley. After Officer Smith arrived at the Stanley residence, she noticed that Sherell Stanley's forehead was swollen and that she (Stanley) was upset. After Officer Smith questioned Sherell Stanley about the incident to learn who had assaulted her (Stanley) and the victim, Sherell Stanley directed Officer Smith to defendant's residence.

Emergency services personnel responded shortly after police officers arrived at Sherell Stanley's home. The emergency services personnel subsequently transported Taborn to the hospital where he sought medical treatment for a broken jaw. He was directed by the hospital staff to seek additional treatment at the University of North Carolina's hospital. Taborn's injuries required reconstructive surgery of his bone structure, which necessitated placing a titanium plate with screws and a mesh screen on the top of it in order to simulate his bone structure. Taborn's injuries also caused him to miss approximately two months of work.

On 19 May 2001, defendant, an informant who gathered drug information for the city of Kinston, North Carolina, contacted Of-

STATE v. LAWSON

[173 N.C. App. 270 (2005)]

ficer Cary Barnes ("Officer Barnes") and the two of them met in person. Defendant informed Officer Barnes that "he had got in some trouble" and that he had gone to his girlfriend's house and found a man there. Defendant then told Officer Barnes "he beat the gentleman down," he was "furious," and he "lost it." Subsequently, the police arrested defendant.

At trial, Taborn testified that his face hurt when he woke up. Taborn further stated that he knew who hit him in the face prior to arriving at the hospital. After the State asked Taborn how he knew who hit him, Taborn responded that Sherell Stanley and Tyechia Stanley, her daughter, told him. The court overruled defendant's objection and the motion to strike Taborn's response as inadmissible hearsay.

Taborn then testified that Sherell Stanley and Tyechia Stanley told him that George Lawson hit him and that he had never seen Lawson before. Defendant's attorney failed to renew his objection or make a motion to strike this testimony as inadmissible hearsay, as he had done after Taborn's previous testimony. Taborn further testified that he continues to have pain from the injuries he sustained, including tingling and numbness in his face and black dots in his left eye. Tyechia Stanley, who was present during the incident, testified at trial that she knew defendant, that she observed defendant fighting with Taborn, and that she and her mother tried to stop defendant from hitting Taborn.

Sherell Stanley did not appear in court for defendant's trial. During Officer Smith's testimony, the Court held a *voir dire* of Officer Smith on the issue of her failure to appear in court to testify. Prior to trial, the victim-witness coordinator contacted Sherell Stanley by phone and Ms. Stanley responded that she did not want law enforcement to come to her work or home. She further stated that she would come to the District Attorney's office to accept service of the subpoena but ultimately failed to do so. The Kinston Police Department attempted to serve the subpoena on Sherell Stanley but were unable to find her. Officer Smith visited Sherell Stanley's home and informed her of the court date; however, Sherell Stanley could not be located on the morning of the trial. After the *voir dire* proceedings, the trial court issued an Order for Sherell Stanley's arrest.

[1] Defendant first contends the trial court erred when it allowed inadmissible hearsay by Taborn, thus, violating defendant's state and federal rights under the Confrontation Clause, his right to a

fair trial, and right to due process of the law. Specifically, Taborn testified as follows:

> State:    [D]id you have an idea after talking with Ms. Sherell who might possibly have done this to you?
>
> Counsel:  I'm going to object, your honor. He's already said he didn't see it and doesn't know. He's just trying to get her testimony in.
>
> Court:    Overruled. Go ahead on.
>
> State:    Did you after speaking with Ms. Sherell Stanley have an idea who did this to you?
>
> Witness:  I knew that about 3:30 or 4:00 before I got to the hospital.
>
> State:    And how did you know that?
>
> Witness:  Sherell told me and her daughter.
>
> Counsel:  Objection. Motion to Strike.
>
> Court:    Overruled.
>
> State:    And what - who did you believe did this to you at that point?
>
> Witness:  She said *a guy named George Lawson*. I had never seen him before in my life.

(Emphasis added).

The North Carolina Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. R. Evid. 801(c) (2003). In the instant case, Taborn testified as to Sherell Stanley's statement and the statement was offered to prove the truth of the matter asserted—that defendant injured Taborn.

The North Carolina Rules of Appellate Procedure state, however, that "to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(b)(1) (2004).

In the instant case, defendant effectively objected to the State's line of questioning. We believe that defendant's pattern of objections to the hearsay testimony constituted a continuing objection to the line of questioning and therefore all of the hearsay testimony may be considered on appeal, although only part of the testimony was objected to at trial. *State v. Brooks*, 72 N.C. App. 254, 324 S.E.2d 854 (1985). However, having found that defendant properly preserved this issue, we also hold that the State has proven the admission of Taborn's testimony is harmless beyond a reasonable doubt. *State v. Morgan*, 359 N.C. 131, 157, 604 S.E.2d 886, 902 (2004); N.C. Gen. Stat. § 15A-1443(b) (2003). Absent the inadmissible hearsay, the record tends to show: (1) Tyechia Stanley, who was present during the incident, identified defendant as the person who injured Taborn and described the events that took place during the incident; (2) defendant contacted Officer Barnes, for whom he served as an informant, regarding this incident and admitted to injuring Taborn on 19 May 2001; and (3) Officer Smith responded to the emergency 911 phone call made on 19 May 2001, and during *voir dire* proceedings, explained Sherell Stanley's unavailable status. Absent the inadmissible hearsay, we still find ample evidence in the record to support the jury's guilty verdict against defendant. Therefore, this assignment of error is overruled.

**[2]** Defendant next contends his Sixth Amendment right to confrontation was violated relying upon *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177 (2004). His reliance is misplaced as he misinterprets the United States Supreme Court's ruling in *Crawford*. Defendant asserts the statements made by Sherell Stanley to Taborn were testimonial in nature and, thus, fall within *Crawford's* definition of "testimonial." *Id.* at 68, 158 L. Ed. 2d at 203. In *Crawford*, the Court stated:

> where nontestimonial [sic] hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law . . . .[,] [and] [w]e leave for another day any effort to spell out a comprehensive definition of "testimonial." . . .[;] [w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations.

*Id.* In the instant case, Taborn testified about statements made by Stanley; these statements were non-testimonial and made while Taborn was being transported to a hospital for injuries caused by

defendant. The statements were not made during any police investigation, rather they were made during a private conversation between Stanley and Taborn and outside the presence of any police officer. Further, these statements were made merely to inform Taborn of the attacker's identity since Stanley already knew the attacker's identity and he did not. In *Crawford*, the Court recognized that testimonial statements include those "pretrial statements that declarants would reasonably expect to be used prosecutorially" at a later trial. *Id.* at 51, 158 L. Ed. 2d at 193. Here, however, it was unlikely that when Stanley made these statements, she was thinking in terms of anything outside the scope of their private conversation—certainly not about testifying as to this matter before the court. These statements therefore do not fall within that category "which the confrontation clause was directed" to protect. *Id.*

[3] While *Crawford* does not require that Stanley's statement be excluded, we still must determine whether the non-testimonial statement had "adequate indicia of reliability." *Ohio v. Roberts*, 448 U.S. 56, 66, 65 L. Ed. 2d 597, 608 (1980), *overruled on other grounds by Crawford*, 541 U.S. 36, 158 L. Ed. 2d 177 (2004).

In the instant case, defendant argues:

While Rule of Evidence 804(b)(5) provides for the admission of hearsay statements when the declarant is unavailable and the statement is not covered by any specific exception, but is determined to have "equivalent circumstantial guarantees of trustworthiness." N.C.G.S. section 8C-1, Rule 804(b)(5), initially the trial court must find that the declarant is unavailable . . . . In the instant case, the trial court did not make a finding that Ms. Sherell was unavailable, though the court did, at a later stage in the proceedings, hear evidence that Ms. Sherell knew she was required in court, but she failed to appear. Additionally, the trial court failed to make findings of fact to support the admission of Ms. Stanley's statement based on its "trustworthiness."

Our Supreme Court, in discussing Rule 803(24), which is substantially similar to Rule 804(b)(5), previously has stated:

First, we consider the rule's requirements for the element of trustworthiness. Rule 803(24) permits the admission of a statement "not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness." N.C.G.S. 8C-1, Rule 803(24) (1988). The con-

frontation clause also imposes a requirement of trustworthiness. The statement of a hearsay declarant is admissible only if it bears adequate "indicia of reliability." *Ohio v. Roberts*, 448 U.S. 56, 66, 65 L. Ed. 2d 597, 608 (1980).

*State v. Deanes*, 323 N.C. 508, 516, 374 S.E.2d 249, 255 (1988), *cert. denied*, 490 U.S. 1101, 104 L. Ed. 2d 1009 (1989). The test of "adequate indicia of reliability" is virtually the same as the standard under Rule 804(b)(5). The dissent states that defendant failed to properly preserve the issue of whether Stanley's statement violates the standard set forth in *Roberts*. We conclude, however, that defendant properly preserved this issue for appellate review in this case and reserve for another day the issue of whether we automatically proceed to an *Ohio v. Roberts* analysis every time a *Crawford* issue is raised.

The test in *Roberts* requires the court to determine whether Stanley's out-of-court statement was properly admitted under any hearsay exception to the general rule or whether the out-of-court statement had "particularized guarantees of trustworthiness." *Roberts*, 448 U.S. at 66, 65 L. Ed. 2d at 608. Here, the out-of-court statement did not sufficiently fall within any recognizable exception to the general rule of hearsay. We further find that the statement did not present any particularized guarantee of trustworthiness. Under N.C. Gen. Stat. § 8C-1, Rule 804(b)(5) (2003), the following is not barred by the hearsay rule when the declarant is unavailable:

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it gives written notice stating his intention to offer the statement and the particulars of it, including the name and address of the declarant, to the adverse party sufficiently in advance of offering the statement to provide the adverse party with a fair opportunity to prepare to meet the statement.

The record before the court tends to show that the State did not provide written notice in advance to defendant of its intent to offer

Stanley's statement as to defendant's identity through Taborn's testimony. The State did not provide sufficient written notice in advance stating its intent to offer Stanley's statement into evidence, therefore, the statement cannot be admitted under this hearsay exception.

Applying the analysis set forth in *Roberts*, we hold that defendant's constitutional right was violated through the admission of Stanley's prior statement to Taborn. The burden, therefore, must shift to the State to show that the inadmissible statement was harmless beyond a reasonable doubt. N.C. Gen. Stat. § 15A-1443(b) (2003). "In order for this Court to find that the error affecting defendant's constitutional rights was harmless beyond a reasonable doubt, we must determine that the error had no bearing on the jury deliberations." *State v. Sisk*, 123 N.C. App. 361, 370, 473 S.E.2d 348, 354 (1996) (citing *State v. Reid*, 334 N.C. 551, 558, 434 S.E.2d 193, 198 (1993)), *disc. rev. denied*, 345 N.C. 182, 478 S.E.2d 15 (1996), *aff'd in part*, 345 N.C. 749, 483 S.E.2d 440 (1997)). "Overwhelming evidence of a defendant's guilt may render a constitutional error harmless beyond a reasonable doubt." *State v. Roope*, 130 N.C. App. 356, 367, 503 S.E.2d 118, 126, *disc. rev. denied*, 349 N.C. 374, 525 S.E.2d 189 (1998) (citing *Harrington v. California*, 395 U.S. 250, 23 L. Ed. 2d 284 (1969); *State v. Autry*, 321 N.C. 392, 400, 364 S.E.2d 341, 346 (1988)).

In the instant case, Tyechia Stanley, who was present during the incident, testified at trial that she knew defendant, that she observed defendant fighting with Taborn, and that she and her mother tried to stop defendant from hitting Taborn. It is further apparent from the record that Tyechia Stanley's testimony identifying defendant as the perpetrator was not refuted. In addition, Officer Smith testified that she arrived at the scene within minutes after the 911 call, that Sherell Stanley directed her to defendant's address, and that she issued a warrant for defendant's arrest using the address given to her by Stanley. Officer Barnes further testified that defendant discussed with him the assault against the victim, admitted to being involved in a fight at Stanley's home in which "he beat the gentleman down," he was "furious," and "he lost it." Accordingly, there was sufficient undisputable evidence, without Taborn's statement identifying defendant as the perpetrator, "of . . . defendant's guilt to render the constitutional error harmless beyond a reasonable doubt." *Roope*, 130 N.C. App. at 367, 503 S.E.2d at 126. Therefore, this assignment of error is overruled.

[4] Defendant asserts the trial court erred when it denied defendant's motion to dismiss the charge of assault with a deadly weapon inflict-

ing serious injury when there was insufficient evidence to support the "deadly weapon" element of such charge. We agree.

When ruling on a motion to dismiss, the trial court must " 'consider whether the State has presented substantial evidence of each essential element of the crime charged.' " *State v. Morgan*, 164 N.C. App. 298, 302-03, 595 S.E.2d 804, 808 (2004) (quoting *State v. Alexander*, 152 N.C. App. 701, 705, 568 S.E.2d 317, 319 (2002)). The trial court further must interpret the evidence in the light most favorable to the State, "drawing all reasonable inferences in the State's favor." *State v. Grumbles*, 104 N.C. App. 766, 770, 411 S.E.2d 407, 410 (1991) (citing *State v. King*, 299 N.C. 707, 264 S.E.2d 40 (1980)).

By statute, the essential elements of assault with a deadly weapon with intent to inflict serious injury are (1) an assault; (2) with a deadly weapon; (3) inflicting serious injury; (4) not resulting in death. N.C. Gen. Stat. § 14-32(b) (2003). *See State v. Aytche*, 98 N.C. App. 358, 366, 391 S.E.2d 43, 47 (1990). A deadly weapon is "any article, instrument or substance which is likely to produce death or great bodily harm." *State v. Sturdivant*, 304 N.C. 293, 301, 283 S.E.2d 719, 725 (1981). This Court has held previously that a defendant's fists can be considered a deadly weapon depending on the manner in which they were used *and* the relative size and condition of the parties. *See State v. Rogers*, 153 N.C. App. 203, 211, 569 S.E.2d 657, 663 (2002), *disc. rev. denied*, 357 N.C. 168, 581 S.E.2d 442 (2003); *State v. Krider*, 138 N.C. App. 37, 530 S.E.2d 569 (2000); *Grumbles*, 104 N.C. App. at 771, 411 S.E.2d at 410; *State v. Jacobs*, 61 N.C. App. 610, 301 S.E.2d 429, *disc. rev. denied*, 309 N.C. 463, 307 S.E.2d 368 (1983); *State v. Archbell*, 139 N.C. 537, 51 S.E. 801 (1905).

Here, the trial court's jury charge states, in relevant part:

The defendant has been charged with assault with a deadly weapon inflicting serious injury. For you to find the defendant guilty of this offense the state must prove three things beyond a reasonable doubt. First, that the defendant assaulted victim intentionally beating him with an unknown object, a deadly weapon, by beating him in the face. Secondly the defendant used a deadly weapon. A deadly weapon is a weapon which is likely to cause death or serious bodily injury. Hands and feet can be a deadly weapon. In determining whether hands and feet or another unknown object was a deadly weapon you should consider the nature of whatever object was used, *the manner in which it was used and the size and strength of the defendant as*

*compared to the victim.* And third, that the defendant inflicted serious injury upon the victim . . . .

(emphasis added). Based on the record before this Court, there is insufficient evidence to determine defendant's size and strength compared to that of the victim. The State contends this Court has never stated that the size and condition of defendant compared to the victim is a requirement. In *Archbell,* however, our Supreme Court stated:

> [s]ome weapons are *per se* deadly, and others, owing to the violence and manner of use, become deadly. In the latter class of cases, where the deadly character of the weapon is to be determined by the relative size and condition of the parties and the manner in which it is used, it is proper and necessary to submit the matter to the jury with proper instructions.

*Id.* at 538, 51 S.E. at 801 (*citing State v. Hunley,* 91 N.C. 621 (1884)).

When, therefore, instruments fall within the purview of those "other weapons that may become deadly," there must be sufficient evidence at trial regarding the size and condition of defendant versus the victim as well as sufficient evidence pertaining to the manner of the weapon's use. *See Rogers,* 153 N.C. App. at 211, 569 S.E.2d at 663; *State v. Hunt,* 153 N.C. App. 316, 318-19, 569 S.E.2d 709, 711 (2002); *Grumbles,* 104 N.C. App. at 769, 411 S.E.2d at 409 (citing *Jacobs,* 61 N.C. App. at 611, 301 S.E.2d at 430); *State v. Peacock,* 313 N.C. 554, 563, 330 S.E.2d 190, 196 (1985).

After reviewing the record, we find the State presented sufficient evidence to be submitted to the jury as to the manner of the weapon's use, however, we do not find that the State presented sufficient evidence as to defendant's size or condition compared to that of the victim. The State asserts that the jury had an opportunity to observe both defendant and victim at the trial; however, mere observation by the jury of the victim and defendant's strength and size, alone, is not sufficient evidence to support the deadly weapon element for the . charge of assault with a deadly weapon with intent to inflict serious injury. *See Archbell,* 139 N.C. at 537, 51 S.E. at 801.

Accordingly, we arrest judgment on assault with a deadly weapon inflicting serious injury and we remand for entry of judgment on the lesser included offense of assault inflicting serious injury.

[5] The final issue before us pertains to a Motion for Appropriate Relief filed by defendant with this court on 17 November 2004. In his

motion, defendant asserts that the trial court erred by sentencing him in the aggravated range based upon findings of aggravating factors that were not submitted to and found by the jury beyond a reasonable doubt. Defendant seeks to have his sentence vacated and the cause remanded to the trial court for resentencing. In support of his motion, defendant relies upon the United States Supreme Court's ruling in *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), which was decided subsequent to the adjudication, but prior to the disposition on appeal, the instant case.

In *Blakely*, the Supreme Court held that, other than the fact of a prior conviction, any fact which increases the punishment for an offense beyond that which could be imposed upon a jury verdict for the offense charged must be submitted to and found by a jury beyond a reasonable doubt. 542 U.S. 296, 303-04, 159 L. Ed. 2d 403, 413-14. Our Supreme Court recently applied this holding in *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005). In the case *sub judice*, the trial court found, and imposed sentence in the aggravated range upon, the aggravating factors that the offense occurred while the victim was asleep and that defendant committed the offense by breaking and entering his former girlfriend's home with the intent to assault both the victim and his former girlfriend.

It is clear that the aggravating factors, upon which the trial court based its decision to impose a sentence in the aggravated range, were not submitted to, nor found beyond a reasonable doubt by, the jury. Defendant's first degree burglary charge was dismissed by the trial court at the close of the State's evidence upon defendant's motion and the issue of breaking and entering was, therefore, never presented to the jury for determination. Further, no charge or instruction was given to the jury regarding a determination as to whether defendant committed the offense alleged while the victim was asleep. Accordingly, we hold that defendant's sentencing in the aggravated range was in violation of *Blakely*.

The State argues that any *Blakely* error in this case is harmless. However, our Supreme Court, in *Allen*, has held unequivocally that *Blakely* errors under our Structured Sentencing Act are structural and, therefore, reversible *per se. Allen*, 359 N.C. at 444, 615 S.E.2d at 269. Consequently, as we hold that defendant's sentencing violated the requirements of *Blakely*, defendant's sentence is ordered vacated and the cause is remanded for resentencing.

Affirm, in part. Reverse and remand, in part.

Judge HUNTER concurs.

Judge CALABRIA concurs in part and dissents in part.

CALABRIA, Judge, concurring in part and dissenting in part.

I fully concur with the majority's holding that defendant properly objected to Taborn's testimony and that Stanley's statements were non-testimonial under *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177 (2004). I further concur with the majority's holding with respect to defendant's motion to dismiss the charge of assault with a deadly weapon inflicting serious injury. However, I respectfully dissent from the assertion by the majority, relying on *State v. Blackstock*, 165 N.C. App. 50, 63, 598 S.E.2d 412, 420 (2004), that "we must still determine whether the non-testimonial statement had 'adequate indicia of reliability' " under *Ohio v. Roberts*, 448 U.S. 56, 65 L. Ed. 2d 597 (1980), *overruled on other grounds by Crawford*, 541 U.S. 36, 158 L. Ed. 2d 177 (2004).

In *Blackstock*, the victim of a robbery and shooting made several statements to law enforcement officers and his wife and daughter following the crimes. *Id.*, 165 N.C. App. at 52, 598 S.E.2d at 414. The trial court allowed the victim's wife and daughter to testify to these statements at trial pursuant to N.C. Gen. Stat. § 8C-1, Rules 803(3) and 804(b)(5) over the defendant's objections, despite the fact that the victim had died prior to trial. On appeal, the defendant argued that the victim's statements to his wife and daughter "were not properly admissible under any hearsay exception and that their admission violated his right to confrontation." *Id.*, 165 N.C. App. at 59, 598 S.E.2d at 418. In analyzing the defendant's right to confrontation, we first determined the victim's statements were non-testimonial in nature under *Crawford. Id.*, 165 N.C. App. at 62-63, 598 S.E.2d at 420. This Court subsequently responded to defendant's specific assertion that the testimony was inadmissible under *Roberts* by analyzing whether the testimony lacked adequate indicia of reliability. It was because the constitutional question of admissibility under *Roberts* was squarely presented by the defendant to this Court that we undertook that analysis. *Blackstock* does not and should not be read to establish a *per se* rule that this Court is somehow compelled to determine the alternative, constitutional argument that evidence is inadmissible under *Roberts* merely because a defendant has argued solely

STATE v. LAWSON

[173 N.C. App. 270 (2005)]

that the evidence is inadmissible as testimonial under *Crawford.* After *Crawford,* it stands to reason that a defendant on appeal is fully entitled to argue that certain evidence is inadmissible under *Crawford* because it is testimonial and alternatively argue that the same evidence, if deemed non-testimonial, is barred under *Roberts* as failing to have adequate indicia of reliability.

In the instant case, defendant has not presented an alternative argument on appeal that the statements made by Stanley and testified to by Taborn were non-testimonial but barred under *Roberts.* Indeed, other than the separate constitutional attack under *Crawford* that Stanley's statements were testimonial, defendant does not cite *Roberts* (or any authority) in his brief for the proposition that the subject testimony was constitutionally infirm. Accordingly, defendant has failed to raise the constitutionality of Taborn's testimony under *Roberts,* and this argument has been abandoned under our Rules of Appellate Procedure. *See* N.C. R. App. P. 28(b)(6) (2005) (stating that "[a]ssignments of error . . . in support of which no reason or argument is stated . . . will be taken as abandoned"). Moreover, defendant has failed to observe N.C. R. App. P. 28 (b)(6) by failing to cite authority for the proposition that Taborn's testimony was constitutionally barred by *Roberts* or any of its progeny. This failing is significant as it appears the State was not put on notice that admissibility under *Roberts* was at issue in the instant case, *accord Viar v. N.C. Dep't of Transp.,* 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005); that is, the State limits its argument to respond to defendant's contention that Stanley's statements were testimonial under *Crawford* and does not alternatively present an argument that such statements were inadmissible under *Roberts.* This limitation on the State's argument is reasonable in light of our long adherence to the appellate rules. For these reasons, I respectfully dissent as to the portion of the opinion requiring an analysis under *Roberts* merely because a defendant challenges the evidence on the grounds that it was testimonial under *Crawford.*