STATE OF NORTH CAROLINA v. KENNETH WAYNE MILLS

No. COA12-3

(Filed 19 June 2012)

**1. Robbery—dangerous weapon—motion to dismiss—sufficiency of evidence—lawn chair a dangerous weapon**

The trial court did not err by denying defendant's motion to dismiss the robbery with a dangerous weapon charge based on alleged insufficient evidence to show that a lawn chair was used to injure the victim or that the lawn chair was a dangerous weapon. The evidence taken together was enough for a reasonable person to conclude that the victim was attacked with the lawn chair and robbed. Further, the victim's wounds were sufficient to raise an inference that the victim was struck with a dangerous weapon within the meaning of N.C.G.S. § 14-87(a).

**2. Assault—deadly weapon—motion to dismiss—sufficiency of evidence—lawn chair a deadly weapon**

The trial court did not err by denying defendant's motion to dismiss the assault with a deadly weapon charge based on alleged insufficient evidence that a lawn chair was a deadly weapon within the meaning of N.C.G.S. § 14-32(a). The State produced sufficient evidence that the lawn chair was used as a deadly weapon, and the State was not required to present evidence as to

defendant's or the victim's size or condition when the assault occurred.

**3. Evidence—lay opinion—substance on lawn chair—bloodstains**

The trial court did not commit plain error in an assault with a deadly weapon inflicting serious injury and robbery with a dangerous weapon case by permitting detectives to offer lay opinion that the substance found on a lawn chair was blood. Our Supreme Court has previously upheld lay testimony regarding bloodstains.

**4. Damages and Remedies—restitution—amount**

The trial court did not err in an assault with a deadly weapon inflicting serious injury and robbery with a dangerous weapon case by ordering $730.00 in restitution. The State presented testimony from the victim that the amount requested represented the money and the items taken from the victim when he was assaulted and robbed.

Appeal by Defendant from judgment entered 13 April 2011 by Judge Christopher M. Collier in Iredell County Superior Court. Heard in the Court of Appeals 25 April 2012.

*Attorney General Roy Cooper, by Special Deputy Attorney General Daniel D. Addison, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Kathleen M. Joyce, for Defendant.*

BEASLEY, Judge.

Kenneth Wayne Mills (Defendant) appeals from judgment entered on his convictions for assault with a deadly weapon inflicting serious injury and robbery with a dangerous weapon. For the following reasons, we find no error.

On the evening of 11 July 2009, a group of people gathered at the home of Stephanie and Carl Proffit "[j]ust to sit around and shoot the breeze." One member of the group, William Clyde Baker (Baker) went to leave and was walking to his car when he was assaulted and robbed. In connection with this attack, Defendant, who was also at the Proffits' residence on 11 July 2009, was indicted for one count of assault with a deadly weapon with intent to kill inflicting serious injury and one count of robbery with a dangerous weapon. On 13

April 2011, Defendant was found guilty of assault with a deadly weapon inflicting serious injury and of robbery with a dangerous weapon by jury verdict. Judgment was entered that same day by the Honorable Christopher M. Collier, and Defendant was sentenced to a term of 40 to 57 months imprisonment for the assault charge and 100 to 129 months imprisonment for the robbery charge. Defendant was also ordered to pay $730.00 in restitution to Baker. Defendant entered oral notice of appeal in open court.

I.

[1] Defendant first argues that the trial court erred in denying his motion to dismiss the robbery with a dangerous weapon charge because there was insufficient evidence to show that the lawn chair was used to injure Baker, or that the lawn chair was a "dangerous weapon" as defined by statute. We disagree.

"In deciding a defendant's motion to dismiss a charge on the basis of insufficiency of the evidence, the trial court must determine whether substantial evidence has been presented in support of each element of the charged offense." *State v. Nabors*, 365 N.C. 306, 312, 718 S.E.2d 623, 626 (2011) (citations and internal quotations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990) (citations and internal quotations omitted). "In determining the sufficiency of the evidence we consider it in the light most favorable to the state." *Id.* "The defendant's evidence, unless favorable to the State, is not to be taken into consideration." *State v. Jones*, 280 N.C. 60, 66, 184 S.E.2d 862, 866 (1971). "The test of the sufficiency of the evidence on a motion to dismiss is the same whether the evidence is direct, circumstantial, or both. All evidence actually admitted, both competent and incompetent, which is favorable to the State must be considered." *State v. Israel*, 353 N.C. 211, 216, 539 S.E.2d 633, 637 (2000).

The State's evidence included the testimony of Baker, an officer and Stephanie Proffit. Baker testified that he was struck by something other than a fist; he was headed to his truck parked in the driveway when he was hit. The officer who took Baker's statement testified that a lawn chair was in the grass next to the driveway, and blood was found in the driveway, on the chair, and on Baker's face. Stephanie Proffit, the owner of the chair, testified that the morning after the assault, there was blood on the chair and it was bent, and that the chair was not bent nor bloody the night before. This evi-

dence, taken together, is enough for a reasonable person to conclude that Baker was attacked with the lawn chair and robbed.

Defendant argues that there were no witnesses to the robbery that saw Baker attacked with the lawn chair, nor did the State test the substance on the chair to confirm that it was in fact blood, and that it belonged to Baker. However, these arguments go to the weight of the evidence; they do not negate the fact that the State presented substantial evidence to survive Defendant's motion to dismiss. The State's evidence showed that the lawn chair was used to injure Baker; that Defendant had mentioned he needed to rob someone to pay his bills; and Defendant's roommate testified that there was a substance which looked like blood on Defendant's hands when he returned home the morning after the party.

Defendant also argues that the State presented insufficient evidence that the lawn chair was a "dangerous weapon" as contemplated in N.C. Gen. Stat. § 14-87. This Court has stated that a "dangerous" weapon "must be one which endangers or threatens life." *State v. Smallwood*, 78 N.C. App. 365, 368, 337 S.E.2d 143, 144 (1985). "Whether a weapon is deadly can be inferred from the wound of the victim." *State v. Phillips*, 87 N.C. App. 246, 248-49, 360 S.E.2d 475, 477 (1987) (finding evidence that the victim had a "board print" on the side of his face, was bloody, and at the hospital was diagnosed with a broken cheekbone and treated for bruises and lacerations was "clearly sufficient to raise an inference that [the defendant] struck the victim with a weapon which could produce great bodily harm.")

Here, Baker was knocked unconscious by something other than a fist, according to his experience having been hit by a fist before. He suffered multiple facial fractures and injuries which required surgery. After surgery, his jaw was wired shut for several weeks, and he missed between two and three weeks of work. At trial, Baker testified that he still suffered from vision problems, including blurriness and trouble seeing distances. We find that these wounds are sufficient to raise an inference that Baker was struck with a "dangerous weapon" within the meaning of N.C. Gen. Stat. § 14-87(a).

The trial court did not err in denying Defendant's motion to dismiss the charge of robbery with a dangerous weapon.

II.

[2] Defendant next argues that the trial court erred in denying his motion to dismiss the assault with a deadly weapon charge because

the State did not present sufficient evidence that the lawn chair was a "deadly weapon" within the meaning of N.C. Gen. Stat. § 14-32(a). We disagree.

Defendant points to this Court's opinion in *State v. Lawson*, 173 N.C. App. 270, 619 S.E.2d 410 (2005), where we remanded the case because the State had not presented sufficient evidence to support the "deadly weapon" element of the charge of assault with a deadly weapon. The weapon in that case, the defendant's fists, is not considered deadly *per se* so we stated that "there must be sufficient evidence at trial regarding the size and condition of defendant versus the victim as well as sufficient evidence pertaining to the manner of the weapon's use." *Id.* at 280, 619 S.E.2d at 416. We remanded the case after finding that the evidence established the manner of use of the weapon, but did not establish the defendant's size or condition compared to that of the victim. *Id.*

Since we decided *Lawson* we have refined the law on this topic. In *State v. Smith*, 186 N.C. App. 57, 64, 650 S.E.2d 29, 34 (2007), we explicitly stated that where a defendant used his hands not to directly assault the victim but to "bring the [victim] to an instrument of the assault," the State "need not show that [the victim] was significantly smaller or weaker than defendant or that the [victim] was injured or otherwise incapacitated when defendant assaulted him." The State presented evidence that Defendant assaulted Baker with a lawn chair and not his fists alone. Accordingly, the State was not required to present evidence as to the Defendant's or Baker's size or condition when the assault occurred. We have already held that the State presented sufficient evidence that the lawn chair was used to assault Baker, *see* Section I, *supra*. The trial court did not err in denying Defendant's motion to dismiss the charge of assault with a deadly weapon.

III.

[3] Defendant asserts the trial court committed plain error when it permitted detectives to offer lay opinion that the substance found on the lawn chair was blood. We disagree.

At the outset, we note that Defendant did not challenge the detectives' testimony at trial and so our review of this issue is limited to plain error. N.C.R. App. P. 10(a)(4).

Plain error is error so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached. We find

plain error only in exceptional cases where, after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done.

*State v. Wilkerson*, 363 N.C. 382, 412, 683 S.E.2d 174, 193 (2009) (citations and quotations omitted).

Opinion testimony given by a witness not testifying as an expert is governed by N.C. Gen. Stat. § 8C-1, Rule 701 (2011). Rule 701 provides that such testimony "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." Rule 701. It is well established that under this rule, "a witness may state the instantaneous conclusions of the mind as to the appearance, condition, or . . . physical state of . . . things, derived from observation of a variety of facts presented to the senses at one and the same time." *State v. Braxton*, 352 N.C. 158, 187, 531 S.E.2d 428, 445 (2000) (citations and quotations omitted).

Defendant challenges the testimony of two separate officers in the case *sub judice.* First, Detective Sergeant Nathan Speaks (Speaks), who investigated the crime scene after Baker was assaulted. He testified that there was blood in the driveway when he arrived at the Proffits, and that the lawn chair was lying close to the blood in the driveway and also had blood on it. Speaks testified that he based this conclusion on his seven years of experience as a law enforcement officer, during which he has seen blood on objects other than a person several times and has found that "blood has a distinct smell and appearance[.]" Defendant also challenges the testimony of Detective Mark Nicholson (Nicholson), who also investigated the scene of Baker's assault. Nicholson also opined that the substance on the lawn chair was blood, and he based this conclusion on the "hundreds and maybe thousands" of times that he has seen blood in his life, both in the capacity as a law enforcement officer and otherwise.

Defendant contends that this testimony was neither rationally based nor helpful to the jury, arguing that these opinions were inadmissible because the detectives were not qualified as experts in this area. However, our Supreme Court has upheld lay testimony regarding bloodstains, stating that when a witness testifies that something looked like blood to him "he has stated his conception," and that statement is permissible opinion testimony. *State v. Jones*, 291 N.C. 681, 685, 231 S.E.2d 252, 254 (1977). *See also State v. Mason*, 295 N.C.

**STATE v. MILLS**

[221 N.C. App. 409 (2012)]

584, 595, 248 S.E.2d 241, 248 (1978)(holding that the argument that lay witnesses should not be allowed to identify blood or bloodstains has no merit). The detectives' testimony was properly allowed by the trial court.

## IV.

**[4]** Defendant contends that the trial court erred in ordering $730.00 in restitution where there was insufficient evidence of the value of items taken from Baker. We disagree.

"In the absence of an agreement or stipulation between defendant and the State, evidence must be presented in support of an award of restitution. Further, it is elementary that a trial court's award of restitution must be supported by competent evidence in the record." *State v. Buchanan*, 108 N.C. App. 338, 341, 423 S.E.2d 819, 821 (1992). However, this review is deferential to the trial court, as when "there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal." *State v. Hunt*, 80 N.C. App. 190, 195, 341 S.E.2d 350, 354 (1986).

The State presented testimony from Baker that prior to being robbed, he had on him "two sets of keys, snuff, a pocket knife, a bandana, [his] money clip," and approximately $680.00 in cash. Baker later confirmed that the $730.00 in requested restitution represented the money and the items taken from him when he was assaulted and robbed. The testimony of the victim is competent evidence to support the restitution order.

No Error.

Judges CALABRIA and STEELMAN concur.