STATE OF NORTH CAROLINA v. TONY LEON BARBER

No. 7023SC378

(Filed 5 August 1970)

1. **Criminal Law § 34— testimony that defendant was AWOL — mistrial — motion to strike**

   Testimony that the defendant "is AWOL from the Army" does not warrant mistrial, where trial court allowed defendant's motion to strike and promptly instructed the jury to disregard the testimony.

2. **Criminal Law § 169— admission of objectionable evidence — prejudicial effect**

   When objectionable evidence is stricken and the jury instructed not to consider it, any prejudice is ordinarily cured.

3. **Criminal Law § 115— lesser degrees of crime — instructions**

   The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when, and only when, there is evidence from which the jury could find that such included crime of lesser degree was committed.

4. **Rape § 18— assault with intent to commit rape — instructions on assault on female**

   In a prosecution for assault with intent to commit rape, the trial court did not err in failing to submit to the jury the lesser included offense of assault on a female, where (1) defendant admitted the act of sexual intercourse but relied on the defense of consent and (2) there was no evidence of an assault except in connection with the evidence of sexual intercourse.

5. **Criminal Law § 160— correction of judgment — remand**

   Case is remanded for correction of the judgment where judgment referred to "case No. 5" rather than to "case No. 7."

APPEAL by defendant from *Tillery, J.,* 16 February 1970 Session, WILKES Superior Court.

In case No. 6 defendant was charged in one bill of indictment, proper in form, with the capital felony of burglary. In case No. 7 he was charged in another bill of indictment, proper in form, with the capital felony of rape.

Upon calling the cases for trial, the Solicitor announced that in case No. 6 he would ask only for a verdict of guilty of a non-burglarious breaking and entering; and that in case No. 7 he would ask only for a verdict of guilty of assault with intent to commit rape. Defendant entered a plea of not guilty to each charge and was placed upon trial before judge and jury.

The State's evidence tended to show the following:

Defendant is a Negro male, age 20. The prosecuting witness is a Negro female, age 50. Defendant and prosecuting witness are cousins. The prosecuting witness lived with her uncle who was an invalid, and who was defendant's grandfather. Defendant lived only two doors from his grandfather's house, and he and the prosecuting witness had known each other all of defendant's life. Prosecuting witness slept in an upstairs bedroom and her invalid uncle (defendant's grandfather) slept in a downstairs bedroom. They were the only two persons living in the house.

During the early morning hours of 31 May 1969, prosecuting witness was awakened by a hand being placed over her mouth. It was dark in the room but defendant was identified by his voice and his statement as to whom he was; and later as it became light he was identified by sight. Without recounting prosecuting witness' description of sordid conduct of defendant, suffice to say the evidence was sufficient to justify the jury in returning a verdict of guilty of assault with intent to commit rape, and would have justified a verdict of guilty of rape if that charge had been submitted.

Defendant entered the house through the bathroom window which was not locked.

The defendant's evidence tended to show the following:

He first had sexual intercourse with prosecuting witness about two years before the night in question in this prosecution. He had been to her bedroom at her invitation about six times before, and at her invitation had had sexual intercourse with her about six times.

On the night in question he had been invited by prosecuting witness to come to her room, and she had left the bathroom window open for him to get in. He went in as planned and prosecuting witness was sitting up waiting for him. They had sexual intercourse with her consent and cooperation.

From verdicts of guilty of a felonious breaking and entering, and of assault with intent to commit rape, and judgments of confinement entered thereon, defendant appealed.

*Attorney General Morgan, by Trial Attorney Parker, for the State.*

*McElwee, Hall & Herring, by John E. Hall, for defendant.*

BROCK, J.

[1, 2] During the presentation of the State's evidence a witness volunteered the statement that defendant "is AWOL from the Army". Defendant's objection and motion to strike were allowed, and the trial judge promptly and clearly instructed the jury to disregard the statement. Defendant immediately moved for a mistrial upon the grounds that the volunteered statement was prejudicial, and assigns as error the failure of the trial judge to order a mistrial. When the objectionable evidence is stricken and the jury instructed not to consider it, any prejudice is ordinarily cured. *State v. Barrow*, 276 N.C. 381, 172 S.E. 2d 512. This assignment of error is overruled.

[3, 4] Defendant assigns as error that the trial judge failed to submit to the jury the question of defendant's guilt or innocence of the offense of assault on a female as a lesser degree of the charge of assault with intent to commit rape. The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when, and only when, there is evidence from which the jury could find that such included crime of lesser degree was committed. The presence of such evidence is the determinative factor. *State v. Parker*, 7 N.C. App. 191, 171 S.E. 2d 665. In this case there is no evidence of an assault except in connection with the evidence of sexual intercourse. The defendant admits the act of sexual intercourse, and therefore it became only a question of whether there was consent. If there was consent, the evidence in this case would not justify a verdict of guilty of assault on a female, but would compel a verdict of not guilty. If there was no consent, the evidence in this case justifies a verdict of guilty of assault with intent to commit rape. It is clear the jury resolved the question of consent against defendant. This assignment of error is overruled.

We have carefully considered defendant's remaining assignments of error, and they are overruled. Defendant had a fair trial, free from prejudicial error.

[5] We note *ex mero motu* that the judgments as entered contain a clerical error. In case No. 6 defendant was charged with burglary; in case No. 7 he was charged with rape. However, judgment was entered as follows:

In Case #5, assault with intent to commit rape, let the defendant be committed to the State Department of Corrections for imprisonment for a period of ten years.

"In Case No. 6, non-burglarious breaking and entering, let the defendant be committed to the State Department of Corrections for imprisonment for a period of five years. This sentence to run concurrently with the sentence in Case No. 5."

It is obvious that the two references to case No. 5 were intended to be references to case No. 7. Therefore this case will be remanded for correction of the judgments to read as follows:

In Case #7, assault with intent to commit rape, let the defendant be committed to the State Department of Corrections for imprisonment for a period of ten years.

In Case No. 6, non-burglarious breaking and entering, let the defendant be committed to the State Department of Corrections for imprisonment for a period of five years. This sentence to run concurrently with the sentence in Case No. 7.

Remanded for corrections.

No Error in the trial.

MORRIS and GRAHAM, JJ., concur.