STATE OF NORTH CAROLINA v. ALFRED ALDRIAN ADAMS

No. COA07-730

(Filed 18 December 2007)

**1. Rape; Sexual Offenses— first-degree—motion to dismiss— sufficiency of evidence—hands alone are not dangerous or deadly weapon**

The trial court erred by denying defendant's motions to dismiss and instructing the jury on the charges of first-degree rape and first-degree sexual offense, and the convictions on these charges are vacated and the case is remanded for resentencing on the lesser-included offenses of second-degree rape and second-degree sexual offense, because: (1) there was no evidence of defendant's employment or display of a dangerous or deadly weapon during commission of these crimes; and (2) the General Assembly intended to require the State to prove defendant used an external dangerous weapon and not just his hands.

**2. Sentencing— discrepancy—resentencing for felonious breaking or entering instead of first-degree burglary**

The Court of Appeals determined ex mero motu in a first-degree rape, first-degree kidnapping, felonious breaking or enter-

STATE v. ADAMS

[187 N.C. App. 676 (2007)]

ing, first-degree sexual offense by digital penetration, first-degree sexual offense by cunnilingus, communicating threats, and assault on a female case that there was a discrepancy between the offenses the jury found defendant to be guilty of and the offenses the trial court listed in its judgment, and the case is remanded for the trial court to strike and correct the error upon resentencing, because: (1) the trial court's judgment stated defendant was found guilty of first-degree burglary under N.C.G.S. § 14-51 and sentenced defendant as a class D felon for that conviction; and (2) the record indicated the jury found defendant to be not guilty of first-degree burglary, but guilty of the lesser-included offense of felonious breaking or entering.

Appeal by defendant from judgments entered 18 January 2007 by Judge James W. Morgan in Mecklenburg County Superior Court. Heard in the Court of Appeals 29 November 2007.

*Attorney General Roy Cooper, by Assistant Attorney General David N. Kirkman, for the State.*

*Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for defendant-appellant.*

TYSON, Judge.

Alfred Aldrian Adams ("defendant") appeals from judgment entered after a jury found him to be guilty of: (1) first-degree rape pursuant to N.C. Gen. Stat. § 14-27.2(a); (2) first-degree kidnapping pursuant to N.C. Gen. Stat. § 14-39; (3) felonious breaking or entering pursuant to N.C. Gen. Stat. § 14-54(a); (4) two counts of first-degree sexual offense pursuant to N.C. Gen. Stat. § 14-27.4(a); (5) communicating threats pursuant to N.C. Gen. Stat. § 14-277.1; and (6) assault on a female pursuant to N.C. Gen. Stat. § 14-33(c)(2). We find no error in part, reverse in part, and remand for resentencing and correction of error in judgment.

## I. Background

On 23 August 2004, S.M. ("the victim") awoke to a "shadowy affect" [sic] coming from her living room. The victim initially thought she may have forgotten to turn off her television. The victim arose from her bed and walked into the hallway to see if her television had been left on. The victim saw defendant standing in her living room. Defendant's face was not hidden in any way.

The victim asked defendant to leave her apartment. Defendant backed the victim into her bedroom and pushed her onto her bed. The victim screamed. Defendant hit the victim on the face and yelled, "[s]hut up or I'll shoot you. Do what I say and I won't shoot you . . . ." The victim never saw a gun. The victim has been a grade school teacher for the past thirty years and is five foot three inches tall. Defendant is a muscular 22 year-old male, 4 to 5 inches taller than the victim, and weighs approximately 150 pounds.

Defendant removed the victim's panties and began licking and inserting his fingers into her vagina. Defendant then licked the victim's right breast. The victim told defendant his actions were very painful because she had recently undergone "cancer surgery and radiation . . . ." Defendant asked the victim for a condom. The victim told defendant she did not have a condom. Defendant asked the victim for "Saran Wrap." The victim told defendant the "Saran Wrap" was located in the kitchen.

Defendant pulled the victim from the bed and took her into the kitchen. The victim gave defendant the "Saran Wrap." Defendant led the victim into the living room and told her to bend over a chair. Defendant wrapped his penis in "Saran Wrap" and told the victim to insert his penis into her rectum. After pleading with defendant not to enter her rectum, defendant told the victim to lie on the floor and to remove her sweatshirt. Defendant again licked the victim's breast. Defendant tried to insert his penis into the victim's vagina. Defendant was able to "somewhat" penetrate the victim. After defendant ejaculated, the victim asked him if he was going to let her live. Defendant told the victim that she had seen him and that she "would tell the police." While defendant fumbled with the "Saran Wrap," the victim ran out the open patio door and dove over the railing.

The victim heard someone in a neighboring apartment yell that they were calling the police. The victim waited until she thought defendant had left and crawled back over the railing. The victim re-entered her apartment, grabbed a blanket, and went upstairs to her neighbor's door to wait for the police to arrive. Police officers arrived on the scene and searched the victim's apartment. Defendant was not located.

Officer Eric G. McClary met with the victim a few days after the incident and presented her with a photo line-up. The victim identified defendant as her attacker. Defendant was arrested and indicted for first-degree rape, first-degree kidnapping, first-degree burglary,

**STATE v. ADAMS**

[187 N.C. App. 676 (2007)]

two counts of first-degree sexual offense, communicating threats, and assault on a female. Defendant did not testify at trial nor offer any evidence.

A jury found defendant to be guilty of first-degree rape, first-degree kidnapping, felonious breaking or entering, first-degree sexual offense by digital penetration, first-degree sexual offense by cunnilingus, communicating threats, and assault on a female. The trial court consolidated the first-degree rape, first-degree kidnapping, and felonious breaking or entering convictions and sentenced defendant to a minimum of 384 to a maximum of 470 months imprisonment. Upon entering this judgment, the trial court erroneously indicated that the jury found defendant to be guilty of first-degree burglary. The trial court also consolidated defendant's remaining convictions and sentenced him to an active consecutive term of a minimum of 384 to a maximum of 470 months imprisonment. Defendant appeals.

## II. Issue

**[1]** Defendant argues the trial court erred by denying his motions to dismiss and instructing the jury· on the charges of first-degree rape and first-degree sexual offense.

## III. Motions to Dismiss

Defendant argues the trial court erred by denying his motions to dismiss and instructing the jury on the charges of first-degree rape and first-degree sexual offense "when, on the question of . . . defendant's employment or display of a dangerous or deadly weapon, the [trial] court had determined that 'there was no evidence of it whatsoever.' ". We agree.

### A. Standard of Review

The standard for ruling on a motion to dismiss is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense. Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal.

*State v. Wood,* 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (internal citations and quotations omitted).

## B. Analysis

### 1. Hands as a Dangerous or Deadly Weapon

The State contended defendant committed first-degree rape and two first-degree sexual offenses, in which "he employed a dangerous weapon . . . ." To convict defendant of first-degree rape and first-degree sexual offense, the State is required to prove defendant engaged in vaginal intercourse and a sexual act, respectively, "[w]ith [the victim] by force and against the will of the [victim], and: a. [e]mploy[ed] or display[ed] a dangerous or deadly weapon or an article which the [victim] reasonably believe[d] to be a dangerous or deadly weapon . . . ." N.C. Gen. Stat. §§ 14-27.2(a)(2)a., -27.4(a)(2)a. (2005).

Second-degree rape and second-degree sexual offense require a person to engage in vaginal intercourse and a sexual act, respectively, "with another person: (1) [b]y force and against the will of the other person . . . ." N.C. Gen. Stat. §§ 14-27.3(a)(1), -27.5(a)(1) (2005).

Here, the victim testified that defendant yelled, "[s]hut up or I'll shoot you. Do what I say and I won't shoot you . . . ." The victim testified she never saw a gun and no evidence was presented tending to show defendant "[e]mploy[ed] or display[ed] a dangerous or deadly weapon . . . ." during commission of these crimes. N.C. Gen. Stat. §§ 14-27.2(a)(2)a., -27.4(a)(2)a.

During deliberations, the jury submitted a question to the trial court: "[c]an hands be considered a deadly or dangerous weapon?" In response to the jury's question, the trial court stated:

A dangerous or deadly weapon is a weapon, which is likely to cause death or serious bodily injury.

In determining whether a particular object is a dangerous or deadly weapon, you should consider its nature, the manner in which it was used, and the size and strength of the Defendant as compared to the victim.

In certain cases, this Court has held a defendant's fists may be considered a deadly weapon depending on the manner in which they are used and the relative size and condition of the parties. *See State*

*v. Lawson*, 173 N.C. App. 270, 279-80, 619 S.E.2d 410, 415-16 (2005) ("By statute, the essential elements of assault with a deadly weapon with intent to inflict serious injury are (1) an assault; (2) with a deadly weapon; (3) inflicting serious injury; (4) not resulting in death. . . . [M]ere observation by the jury of the victim and defendant's strength and size, alone, is not sufficient evidence to support the deadly weapon element for the charge of assault with a deadly weapon with intent to inflict serious injury."), *disc. review denied*, 360 N.C. 293, 629 S.E.2d 276 (2006); *see also State v. Brunson*, 180 N.C. App. 188, 193, 636 S.E.2d 202, 205 (2006) ("The jury was given the proper standard, as outlined in *Lawson*. In keeping with its role as finder of fact, the jury came to the conclusion that, in this case, Defendant's hands were deadly weapons."), *aff'd*, No. 623A06 (N.C. Dec. 7, 2007); *State v. Rogers*, 153 N.C. App. 203, 211, 569 S.E.2d 657, 663 (2002) ("[W]e hold that a single hand may be considered a deadly weapon, based on the manner in which it is used and the relative size and condition of the parties involved" for the charge of assault with a deadly weapon with intent to kill or inflict serious bodily injury), *disc. rev. denied*, 357 N.C. 168, 581 S.E.2d 442 (2003); *State v. Krider*, 138 N.C. App. 37, 46-47, 530 S.E.2d 569, 575 (2000) ("[A] defendant may be convicted of first degree murder despite the lack of premeditation or deliberation if she attempted to or committed a felony with the use of [her hands as] a deadly weapon, causing the victim's death."); *State v. Jacobs*, 61 N.C. App. 610, 611, 301 S.E.2d 429, 430 ("Since defendant's fists could have been a deadly weapon in the circumstances of this assault, the indictment was sufficient."), *disc. rev. denied*, 309 N.C. 463, 307 S.E.2d 368 (1983).

## 2. Hands are not a Dangerous or Deadly Weapon

Our Supreme Court has recently held in *State v. Hinton*, "that a defendant's hands, in and of themselves, cannot be dangerous weapons for purposes of robbery with a dangerous weapon under N.C.G.S. § 14-87." 361 N.C. 207, 212, 639 S.E.2d 437, 441 (2007). In reaching this holding, our Supreme Court stated:

> [c]onsidering the purpose of N.C.G.S. § 14-87 is to provide for more severe punishment when the robbery is committed with the use or threatened use of firearms or other dangerous weapons, we conclude the General Assembly intended to require the State to prove that a defendant used *an external dangerous weapon* before conviction under the statute is proper. To hold otherwise would remove the critical distinction be-

tween common law robbery and N.C.G.S. § 14-87 and require us to resolve an ambiguous criminal statute by making a liberal reading in favor of the State.

*Hinton*, 361 N.C. at 211-12, 639 S.E.2d at 440 (emphasis supplied) (internal quotation omitted).

This Court has also stated:

[c]ommon sense and the clear intent of N.C. Gen. Stat. § 14-87 lead us to conclude that an individual cannot possess, use, or threaten to use a dangerous weapon during a robbery where that individual is not possessing, using, or threatening to use *some external weapon or instrument* during the robbery. The critical difference between armed and common law robbery is that the former is accomplished by the *use or threatened use of a dangerous weapon* whereby the life of a person is endangered or threatened. Were an individual's bare hands, fists, and feet considered dangerous weapons for the purposes of N.C. Gen. Stat. § 14-87, that critical difference would be erased, and the crime of common law robbery would in effect merge with the crime of robbery with a dangerous weapon. We are not convinced that this result was contemplated by our legislature in enacting N.C. Gen. Stat. § 14-87. Therefore, in light of the foregoing, *we conclude that an individual's bare hands, fists, and feet are not considered dangerous weapons* for the.purposes of N.C. Gen. Stat. § 14-87.

*State v. Duff*, 171 N.C. App. 662, 672, 615 S.E.2d 373, 381 (emphasis supplied) (internal quotation omitted), *disc. rev. denied*, 359 N.C. 854, 619 S.E.2d 853 (2005).

Our Supreme Court's reasoning in *Hinton* and this Court's reasoning in *Duff* are applicable to the first-degree and second-degree rape and first-degree and second-degree sexual offense statutes at issue here. 361 N.C. at 211-12, 639 S.E.2d at 440; 171 N.C. App. at 672, 615 S.E.2d at 381. To elevate the crimes from second-degree rape and second-degree sexual offense to first-degree rape and first-degree sexual offense, the State is' required to prove defendant "[e]mploy[ed] or display[ed] a dangerous or deadly weapon . . . ." N.C. Gen. Stat. §§ 14-27.2(a)(2)a., -27.4(a)(2)a. We hold the General Assembly intended to require the State to prove defendant used "an external dangerous weapon" based on the additional language of "[e]mploys or displays a dangerous or deadly weapon . . . ." in N.C. Gen. Stat. §§ 14-27.2(a)(2)a., -27.4(a)(2)a., before defendant's first-

degree convictions would be proper. *Hinton*, 361 N.C. at 212, 639 S.E.2d at 440; *Duff*, 171 N.C. App. at 672, 615 S.E.2d at 381.

The trial court erred by denying defendant's motions to dismiss the charges of first-degree rape and first-degree sexual offenses when the State failed to offer any evidence tending to show defendant had "[e]mploy[ed] or display[ed] a dangerous or deadly weapon or an article which the [victim] reasonably believe[d] to be a dangerous or deadly weapon . . . ." N.C. Gen. Stat. §§ 14-27.2(a)(2)a., -27.4(a)(2)a. We reverse the trial court's denial of defendant's motions to dismiss the charges of first-degree rape and first-degree sexual offenses, vacate defendant's convictions on those charges, and remand for resentencing.

### 3. Second-Degree Rape and Sexual Offense

The jury's verdict of guilty of first-degree rape and two counts of first-degree sexual offense necessarily contains all the required elements of the lesser included offenses of second-degree rape and second-degree sexual offense: defendant engaged in vaginal intercourse and sexual acts, respectively, "[b]y force and against the will of the [victim] . . . ." N.C. Gen. Stat. §§ 14-27.3(a)(1), -27.5(a)(1). Defendant does not challenge the sufficiency of the evidence to support either of the lesser included second-degree offenses. We remand to the trial court for resentencing and imposition of judgment on the lesser included offenses of second-degree rape and second-degree sexual offense. *See State v. Miller*, 146 N.C. App. 494, 505, 553 S.E.2d 410, 417 (2001) (Which held the jury's verdict of the greater offense contained all the elements of the lesser included' offense and remanded to the trial court for imposition of the lesser included offense).

### IV.  Resentencing

[2] After a thorough review of the record and transcripts, we, *ex mero moto*, hold a discrepancy exists between the offenses the jury found defendant to be guilty of and the offenses the trial court listed in its judgment. *See State v. Barber*, 9 N.C. App. 210, 212, 175 S.E.2d 611, 613 (1970) (Which noted, *ex mero moto*, that the judgments as entered contained an error and remanded for correction). The trial court's judgment stated defendant was found guilty of first-degree burglary pursuant to N.C. Gen. Stat. § 14-51 and sentenced defendant as a class D felon for that conviction. The record indicates the jury found defendant to be not guilty of first-degree burglary, but guilty of the lesser included offense of felonious breaking or entering.

N.C. Gen. Stat. § 14-54(a) (2005) states: "Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." Because the trial court's judgment incorrectly stated defendant was found guilty of first-degree burglary, we also remand for the trial court to strike and correct this error upon resentencing.

## V. Conclusion

The State failed to present any evidence tending to show defendant "[e]mploy[ed] or display[ed] a dangerous or deadly weapon . . . ." while engaging in vaginal intercourse and sexual acts with the victim. N.C. Gen. Stat. §§ 14-27.2(a)(2)a., -27.4(a)(2)a. The trial court erred by denying defendant's motions to dismiss and instructing the jury on the charges of first-degree rape and first-degree sexual offense. The jury's convictions necessarily include all elements of second-degree rape and second-degree sexual offense. We remand to the trial court for imposition of judgment on the lesser included offenses of second-degree rape and second-degree sexual offense. We hold no error occurred in the remainder of the jury's verdicts, and defendant's remaining convictions are undisturbed. Upon remand the trial court is to correct the judgment entered for first-degree burglary, when the jury's verdict shows defendant to be not guilty of first-degree burglary but guilty of felonious breaking or entering.

No Error in Part, Reversed in Part, and Remanded for Resentencing and Correction of Judgment.

Judges JACKSON and ARROWOOD concur.